# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HORATIO O. GREER,** | CIVIL ACTION NO. 1:07-CV-0920 |
| Plaintiff | (Judge Conner) |
| v. | |
| **JUDGE SHERYL DORNEY, et al.,** | |
| Defendant | |

## ORDER

Presently before the court is a complaint filed by Horatio O. Greer ("Greer"), an inmate at the York County Correctional Facility. (Doc. 1). Greer seeks to proceed *in forma pauperis*. (Doc. 2). For the reasons that follow, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

## I.   Allegations of the Complaint

Greer alleges that "Judge Sheryl Dorney['s] decision was not made from a legal point of view, but from her own personal oppinion [sic] which she made up just by her reputation and personal judgement." (Doc. 1, p. 2). As relief, he seeks a fair trial, compensatory damages and removal from the bench. (Id. at p. 3).

## II.   Discussion

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

A. <u>Immunity</u>

"The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 768 (3d Cir. 2000). A "judicial act" is defined as an action normally performed by a judge and where the parties deal with the judge in his judicial capacity. <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978). There is no question that Greer seeks damages against Judge Dorney for actions performed in her judicial capacity. Hence, she is absolutely immune from any claim for compensatory damages.

B. <u>Failure to State a Claim</u>

The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion. <u>Grayson v. Mayview State Hosp</u>., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. <u>Id.</u> at 106.

Judicial immunity is not a bar to prospective injunctive relief. <u>Pulliam v. Allen</u>, 466 U.S. 349 (1978). However, the threat of injury must be both "real and immediate," not "conjectural" or "hypothetical" to satisfy the case or controversy requirement of Article III of the U.S. Constitution. <u>Los Angles v. Lyons</u>, 461 U.S. 95, 101-02. (1983). Here, plaintiff has failed to set forth any basis for prospective injunctive relief against Judge Dorney.

AND NOW, this 31st day of May, 2007, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2. The complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge